Battle, J.
 

 The propositions of his Honor, in relation to the forms of action to be brought for a trespass to the wife’s land during’ coverture, arc, in the main, correct, but he was mistaken in supposing that the wife cannot, in any case, be joined with her husband in an action of trespass for such an injury. In 1 Chitty’s Pleading, 85, it is said, that “in real actions for the recovery of the land of the wife, and iu a writ of waste thereto, the wife must join. But where the action is merely for the recovery of damages to the land, or other real property of the wife during coverture, &c., the husband may sue alone, or the wife may be joined; her interest in the land being stated in the declaration.” The same rules are laid down in Archbold’s Civil Pleading, 40, and many authorities are referred to, both by him and Mr. Chitty* in support of
 
 *231
 
 them. The counsel, for the defendants, rely upon the case of
 
 Williams v.
 
 Lanier, Busbee’s Rep. 32, as maintaining a contrary doctrine, but upon examining the case, the counsel will find that it seems to be admitted, that there may be cases where, from necessity or convenience, the husband
 
 may
 
 join his wife with him in an action of trespass for an injury to her land. At the time of the marriage, as well as the time when the injury was committed and the suit brought, the wife was a tenant in common of the land with the other plaintiffs, who were her brothers. Mr. Chitty says, (see Chitty’s Plead. 75,) that “tenants in common must, in general, sever in real actions ; but in personal actions, as for a trespass or nuisance to their land, they may join, because, in these actions, though their estates are several, yet the damages survive to all, and it would be unreasonable when the damage is thus entire, to bring several actions for a single trespass.” Eor this, he cites 2 Black. Rep. 1077; 5 Term Rep. 247; Yelv. Rep. 161; Cro. Jac. 231; 2 H. Black. Rep. 386; 5 Mod. 151. It would be manifestly so inconvenient not to permit the husband and wife to join in an action of trespass with the other tenants in common, and with all, so oppressive to the defendants to have several actions for the same injury, that the Court, from the necessity of the case, or at least from its great conveniency, must sustain a suit in the present form. The judgment of nonsuit must be reversed, and a
 
 venwe ele novo
 
 awarded.
 

 Pice CukiaM, Judgment reversed.